HANLON, JUDGE:
On January 19, 1988, the claimant was traveling south on Route 220 near Petersburg, Grant County. At approximately 11:00 p.m. on that date, claimant encountered several rocks in the road as she approached Eagles-Nest Gap, 1.1 mile north of Petersburg. Although claimant avoided striking the smaller rocks, she was unable to avoid a larger rock as she came around a blind curve. She lost control of her 1981 Mercury Cougar, it rolled over and she was injured. She was transported to Grant Memorial Hospital in Petersburg, where she remained for three days with multiple contusions and related trauma. Claimant seeks $6,000.00 for injuries sustained and property damage relating to this accident. Claimant believes that respondent was negligent in the cause of claimant’s injuries. Respondent avers that no act of negligence was committed and that intervening and superseding causes were the proximate cause of claimant’s accident.
*34 It appears to this Court that the single-vehicle accident was the result of fallen rocks obstructing a section of U.S. Route 220 near Petersburg. The witness for claimant, Julia Harwood, testified that she drove through the Eagles-nest Gap between 10; 15 and 10:30 p.m. on the evening of the accident, and that rocks were present on the road. This witness further testified that other drivers indicated that they would notify the respondent immediately of the rock slide. Respondent’s witness, Lincoln Rohrbaugh, a night watchman for the respondent’s area maintenance office, testified that he received a call concerning fall rocks on Route 220, at 10:45 p.m. Later testimony from this witness revealed that notification came from “Grant Comm”, the Grant County Emergency Community Center. Grant Comm receives or intercepts calls when the telephone at the night watchman’s office is unanswered. This leaves open the possibility that notification of a rock slide may have come in earlier than as reported. In other words, efforts may have been made to report the rock slide 30 to 45 minutes before claimant’s accident, according to Julia Harwood’s testimony. Ms. Harwood testified that, “a guy in front of me had stopped at a store and told the lady that was working to call. ” Thus, the issue before the Court is whether sufficient time was given for respondent to ameliorate the described road hazard. The night watchman testified that after closing the maintenance yard, he traveled to the accident site to verify the road hazard. The watchman arrived too late to have prevented claimant’s collision. It appears to the Court that had greater diligence been used, claimant’s accident may have been avoided. The rocks appeared to have been on the road between 15 to 40 minute prior to the claimant’s accident. Given the severity of the danger, it was incumbent upon the respondent to use greater dispatch to remove or otherwise warn motorists of this peril. Having failed to do so in a timely manner, respondent is adjudged partly responsible for the consequences. Social policy justified the imposition of this heightened duty to act in the prevention of imminent harm. Accordingly, claimant’s expectation of safe passage on the highways was violated. Claimant’s speed of travel was thirty miles per hour at the time of the accident. The speed of travel appears reasonable for wet conditions, and does not suggest in and of itself contributory negligence.
There is conflicting testimony whether falling rock warning signs were present at the accident site. A witness for claimant, Linda Harvey, testified that her employer, J.F. Allen Construction Company, had removed warning signs in January of 1988 and had not replaced the signs until December of 1989, ten months after claimant’s accident. Roger Keplinger, respondent’s witness, testified that the signs were present for over 21 years. However, respondent’s witness did not testify that the signs were present on the night of claimant’s accident. It is therefore the opinion of the Court, that claimant’s witness provided more convincing testimony such that the Court is inclined to believe no falling rock signs were present when the accident occurred, it is however significant to note that claimant testified she was aware that Eagle-nest Gap had rock slides. If the warning signs were removed, claimant may have believed that the falling rock hazard had been repaired and abated. In any event, the absence of signs may have contributed to claimant’s accident as she would not have been conscious of the potential peril. However, claimant after having avoided the smaller rock fall, did not testify to reducing her speed, albeit 30, and had she done so may have avoided the peril awaiting her around the curve. The Court believes that the doctrine of comparative negligence applies to this case, and finds that respondent is 70% negligent and claimant is 30% negligent. The parties stipulated claimant’s *35 medicals at $2,000.00 of which a certain portion was paid by claimant’s insurance. Claimant’s automobile insurance also covered her vehicle, exclusive of a $100.00 deductible. Claimant lost two months wages as a housekeeper, in the amount of $600.00. claimant also incurred medical expenses in the amount of $450.00 for the services of a chiropractor and she has experienced pain and suffering as a result of her injuries. The Court therefore makes an award to claimant of $2,150.00 which is reduced to $1,505.00 based upon the doctrine of comparative negligence.
Award of $1,505.00.